United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) Criminal Case No. 12-80207-CR-Scola ) ) ) |
| Byron B. Brinkley, Defendant. | ) ) |

### Order Denying Defendant's Motion for Compassionate Release

Now before the Court is the Defendant Byron Binkley's motion for compassionate release. For the reasons set forth below, the Court **denies** Brinkley's motion (**ECF No. 57**).

Brinkley pled guilty to conspiracy to distribute 500 grams or more of cocaine and was sentenced to 188 months in prison. Binkley now moves for his immediate release from prison due to the threat posed by the Covid-19 pandemic. Brinkley claims that his serious bronchitis puts him at a significantly increased risk of contracting a severe case of the coronavirus, and therefore, he should immediately be released. The Court does not agree that release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is appropriate in this case.

The Court finds that Brinkley has exhausted his administrative remedies. Section 3582 allows the Court to consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C.A. § 3582(c)(1)(A). Here, Brinkley submitted a request for release to the warden on April 7, 2020, and no action has been taken since its submission. Therefore, the Court can properly consider the merits of his claim.

Under the relevant Sentencing Guidelines Policy Statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that. . . extraordinary and compelling reasons warrant a reduction." § 1B1.13. The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* at policy stmt. Based on this framework, in order to qualify for compassionate release, the Court must find extraordinary and compelling reasons warrant

Brinkley's release, that he is not a danger to the community, and consider the factors in 18 U.S.C. § 3553(a).

Courts have repeatedly held that if an inmate has a chronic medical condition that has been identified by the Centers for Disease Control as elevating an inmate's risk of becoming seriously ill from COVID-19, that condition may constitute "extraordinary and compelling reasons." *See, e.g., United States v. Oreste*, Case No. 14-20349 (S.D. Fla. Apr. 6, 2020) (Scola, J.); *United States v. Minor*, Case No. 18-80152 (S.D. Fla. Apr. 17, 2020) (Middlebrooks, J.); *United States v. Platten*, Case No. 08-cr-80148 (S.D. Fla. Apr. 17, 2020) (Middlebrooks, J.); *United States v. Nieves Suarez*, Case No. 18-20175 (S.D. Fla. Apr. 20, 2020) (Cooke, J.). Therefore, the question for the Court is whether Brinkley's health conditions coupled with the coronavirus pandemic constitute "extraordinary and compelling" reasons warranting his immediate release.

Brinkley has a case of bronchitis that requires him to be treated "with a breathing machine." (ECF No. 57 at 2.) Although this condition may put him at a higher risk of contracting the a severe case of Covid-19, Brinkley's asthma is not at such an acute level as to warrant his release after serving less than 50% of his sentence. Moreover, his age (40 years old) diminishes his risk of catching a severe risk of the disease. Therefore, the Court declines to find that extraordinary and compelling circumstances warrant his release.

Crucially, Brinkley did not demonstrate that he would not pose a danger to the community and that the 3553 factors weigh in favor of his release. Under the relevant Sentencing Guidelines Policy Statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." § 1B1.13. The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* at policy stmt.

Brinkley is a repeat offender with a history of violating his probation. He has three prior cocaine-related convictions, in addition to his current cocaine-related offense. According to the Presentence Investigation Report, Brinkley was put on probation on three occasions, and each time he violated his probation numerous times. (ECF No. 34 at 13-16.) At sentencing, the Judge and the Government commented on his attitude and lack of remorse. The prosecutor said that when he was arrested, he taunted the law enforcement agents that, "it took the Feds to get me." (ECF No. 50 at 7.) And, Judge Kenneth L. Ryskamp said:

> Well, it's hard to find some redeeming features in this defendant's life. I mean, he's been to jail and hasn't learned from the experience. There's no evidence that if he were at any time released, he would

> do anything but go back to selling drugs. I don't see any remorse or any desire to change his way of life.

(ECF 50 at Page 9.) Given the record in this case, the Court finds that Brinkley pose a danger to the community. And, the Court determines that the § 3553 factors—such as the nature and circumstances of the offense, the history and characteristics of the offender, the need to ensure adequate punishment, deterrence, and community protection—do not warrant Brinkley's release after serving less than half of his sentence.

**Done and ordered** at Miami, Florida, on June 5, 2020.

_____
Robert N. Scola, Jr.
United States District Judge