United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) ) |
| v. | Criminal Case No. 12-80207-CR-Scola ) ) |
| Byron B. Brinkley, Defendant. | ) ) |

## Order Denying Defendant's Motion for Compassionate Release

This matter is before the Court on the Defendant Byron Brinkley's motion for compassionate release. For the reasons set forth below, the Court **denies** Brinkley's motion (**ECF No. 57**).

In 2013, Brinkley pled guilty to conspiracy to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 and was sentenced to 188 months in prison. (ECF No. 42.) Brinkley's projected release date is in June 2026, and Brinkley has served over 50% of his sentence.

Brinkley now moves, for the second time, for compassionate release from prison due to the threat posed by the Covid-19 pandemic. (ECF No. 67.) The Court denied Brinkley's last motion for compassionate release, finding that Brinkley's health conditions did not constitute "extraordinary and compelling" circumstances. (ECF No. 63.) Moreover, the Court held that Brinkley failed to establish that he was no longer a danger to the community and that the § 3553(a) factors did not weigh in favor of release. (*Id.*)

Brinkley now argues that the general conditions in prison facilities and the state of Covid-19 weigh in favor of granting compassionate release. (ECF No. 67.) The Court holds that release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is not appropriate in this case.

As an initial matter, the Court finds that Brinkley has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (holding that a court may only consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). Here, Brinkley submitted a request for release to the warden on August 30, 2021, and no action appears to have been taken

since its submission. (ECF No. 67 at 5.) Therefore, the Court can properly consider the merits of his claim.

Under the relevant Sentencing Guidelines Policy Statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." § 1B1.13. The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* at policy stmt. Based on this framework, to qualify for compassionate release, the Court must find that extraordinary and compelling reasons warrant Brinkley's release, that he is not a danger to the community, and that the § 3553(a) factors support release.

First, Brinkley has not established that extraordinary and compelling reasons exist to warrant compassionate release. Brinkley points only to general fears concerning Covid-19 in prison facilities and does not allege that he has any particular health condition that puts him at greater risk. The Court notes that Brinkley's first motion for compassionate release stated that he has bronchitis and asthma, although the Court previously held that these conditions did not establish extraordinary and compelling reasons in support of release. (ECF No. 63 at 2.) Here, Brinkley does not allege any change in his condition that would affect the Court's previous findings. Moreover, since Brinkley's last motion, it appears that Brinkley has been infected by Covid-19, recovered, and received a vaccination. (*See* ECF No. 67 at 5.) Therefore, as Brinkley does not allege any change in his health conditions and has received, through both natural and medical immunity, increased protection against Covid-19, the Court holds that no "extraordinary and compelling reasons" exist in support of compassionate release. *See United States v. McCallum*, 14-cr-476-12, 2020 WL 7647198, at *1 (S.D.N.Y. Dec. 23, 2020) ("Now that [defendant] has weathered the disease, a sentence reduction based on the risk of contracting it no longer makes sense.").

Moreover, as in his last motion, Brinkley failed to demonstrate that he would not pose a danger to the community and that the § 3553(a) factors weigh in favor of his release. Brinkley is a repeat offender with a history of violating his probation. He has three prior cocaine-related convictions, in addition to his current cocaine-related offense. While Brinkley argues that he has largely behaved well while confined, the nature of his offense, as provided in 18 U.S.C. § 3142(g), weighs against his release. Additionally, as discussed in the Court's previous order, the § 3553(a) factors also do not weigh in favor of release.

Last, the Defendant argues that, if sentenced today, he would not qualify as a career offender under U.S.S.G. § 4B1.1(a) and that this constitutes

extraordinary and compelling reasons in support of release. (*See* ECF No. 67 at 12–13.) Regardless of whether Brinkley's argument concerning his career offender status is correct, the Eleventh Circuit held in *United States v. Bryant* that courts are "bound by the [Sentencing] Commission's definition of 'extraordinary and compelling reasons' found in § 1B1.13" and that courts have no discretion to "develop 'other reasons' that might justify a reduction in a defendant's sentence." *United States v. Bryant*, 996 F.3d 1243, 1248, 1262 (11th Cir. 2021). In all, Brinkley has not established that "extraordinary and compelling reasons" exist consistent with § 1B1.13.

For these reasons, the Court **denies** the Defendant's motion. (**ECF No. 67**.)

**Done and ordered** at Miami, Florida, on February 1, 2022.

Robert N. Scola, Jr.
United States District Judge